COGBURN LAW OFFICES
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburnlaw.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
efox@cogburnlaw.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN C. PIPES,<br><br>          Plaintiff,<br><br>     vs.<br><br>NCC BUSINESS SERVICES, INC., a Foreign Company, EQUIFAX INFORMATION SERVICES, LLC, a Foreign Limited-Liability Company, TRANSUNION, LLC, a Foreign Limited-Liability Company,<br><br>          Defendants. | **COMPLAINT** |

Plaintiff, John C. Pipes (hereinafter "Plaintiff"), by and through his counsel of record, Jamie S. Cogburn, Esq. and Erik W. Fox, Esq. of Cogburn Law Offices, hereby complains against Defendants as follows:

**I.    PRELIMINARY STATEMENT**

1.    This is an action for actual, statutory and punitive damages, costs and attorney fees brought pursuant to 15 U.S.C. § 1681 et seq. (Federal Fair Credit Report Act).

II.   **JURISDICTION AND PARTIES**

   A.   **JURISDICTION OF THE COURT**

   2.   The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. 1367.

   3.   Plaintiff is a natural person and resident of the State of Nevada and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

   B.   **VENUE.**

   4.   Venue is proper pursuant to 28 U.S.C. § 1391 as Defendants do business within the area of the District of Nevada, are subject to the Court's personal jurisdiction and a substantial part of the events giving rise to the claims alleged occurred within the District of Nevada.

   C.   **THE CREDIT BUREAUS AND THE FURNISHER**

   5.   This matter involves two entities in the business of furnishing credit reports. Equifax and Transunion will be collectively known as the "Credit Bureaus."

   6.   Upon information and belief, Equifax Information Services, LLC (hereinafter "Equifax") is a corporation incorporated under the laws of the State of Georgia authorized to do business in the State of Nevada.

   7.   Upon information and belief, Defendant, Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

   8.   Upon information and belief, Defendant, Transunion LLC (hereinafter "Transunion"), is a foreign entity licensed in the State of Illinois and registered to do business in Nevada.

   9.   Upon information and belief, Defendant, Transunion, is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).

10. Upon information and belief, NCC Business Services, Inc. (hereinafter "NCC") is a corporation incorporated under the laws of the State of Florida and authorized to do business in the State of Nevada and is licensed with the Nevada Division of Business and Industry, Financial License Division (FCA10038).

11. Upon information and belief, NCC is a furnisher of information under 15 U.S.C. § 1681s-2.

### III. <u>GENERAL ALLEGATIONS</u>

1. Plaintiff was a victim of identity theft from 2016 to 2018.

2. At that time, Plaintiff learned that someone was attempting to, or had, open fraudulent accounts in his name.

3. Plaintiff notified the Henderson Police Department in 2018 and filed a report with that agency.

4. Plaintiff pulled his credit reports and learned of multiple fraudulent identity theft actions.

5. A notation appeared on the Plaintiff's credit report as to NCC showing that accounts were reported as to this furnisher for an apartment at Aspire Pinnacle Peak.

6. The Plaintiff never rented an apartment from Aspire Pinnacle Peak.

7. The NCC account is reported, and continue to be reported, as a collection account.

8. Plaintiff was denied employment based on the identity theft notations on his credit reports.

9. NCC furnished false information to the Credit Bureaus.

10. The Credit Bureaus and NCC failed to conduct a thorough investigation into this dispute.

…

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF AGAINST THE CREDIT BUREAUS

11. The Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

12. The Credit Bureaus violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

13. As a result of this conduct, action and inaction of the Credit Bureaus, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

14. The Credit Bureaus' conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. 1681o.

15. Plaintiff is entitled to recover costs and attorney fees from the Credit Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### SECOND CLAIM FOR RELIEF AGAINST THE CREDIT BUREAUS

16. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

17. The Credit Bureaus violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to NCC; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

18. As a result of this conduct, action and inaction of the Credit Bureaus, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

19. The Credit Bureaus' conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

20. The Plaintiff is entitled to recover costs and attorney fees from the Credit Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

**FIRST CLAIM FROM RELIEF AGAINST NCC**

21. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

22. NCC published the NCC representations to Equifax, and Transunion and through each of the credit reporting bureaus identified above to all of Plaintiff's potential lenders on multiple occasions, including but not limited to reporting the NCC account (the "Defamation").

23. The Defamation was willful and with malice. NCC did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in the NCC representation. The NCC account was never opened by Plaintiff and NCC had no basis to continue furnishing inaccurate account information to each credit reporting bureau identified above.

24. As a result of this conduct, action and inaction of NCC, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

   a. The defamation, conduct and actions of NCC were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiff such as to justify an award of punitive damages against NCC in an amount to be determined by the Court.

**SECOND CLAIM FOR RELIEF AGAINST NCC**

25. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

26. NCC violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing the NCC representation within Plaintiff's credit file with each of the credit bureaus identified above without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the NCC representation; by failing to review all relevant information regarding same; by failing to accurately respond to the Credit Bureaus; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the NCC Representations to the consumer reporting agencies.

27. As a result of this conduct, action and inaction of NCC, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

28. NCC's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

29. The Plaintiff is entitled to recover costs and attorney's fees from NCC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

…

…

…

…

**IV.     PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, on all counts, for the following:

30. Actual damages;

31. Statutory damages;

32. Punitive damages;

33. Costs and reasonable attorney fees;

34. A trial by jury; and

35. For such other and further relief as the Court may deem just and proper.

**V.     JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 20th day of August, 2018.

COGBURN LAW OFFICES

By:     */s/ Erik W. Fox*
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
Erik W. Fox, Esq.
Nevada Bar No. 8804
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
*Attorneys for Plaintiff*